EUGENE S. RICHARDS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Richards v. Commissioner
Docket No. 6932-78.
United States Tax Court
T.C. Memo 1979-480; 1979 Tax Ct. Memo LEXIS 44; 39 T.C.M. (CCH) 612; T.C.M. (RIA) 79480; December 3, 1979, Filed Eugene S. Richards, pro se. Edward D. Fickess, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $459.00 in petitioner's income tax for the taxable year 1976. Concessions having disposed of other matters, the sole issue for decision is whether petitioner is entitled to exclude under section 119 [1] the cash meals allowance received from his employer. All of the facts have been stipulated and are found accordingly. Petitioner *45 resided in Buffalo, N.Y., at the time he filed his petition herein. He timely filed his 1976 income tax return with the Internal Revenue Service Center, Andover, Mass.
During the taxable year 1976, petitioner was employed as a television technician by the National Broadcasting Company, Inc. (NBC). As a part of his employment duties with NBC, petitioner was intermittently required to work additional hours (to-wit, more than 8 hours) in conjunction with television productions to which he was assigned. In any event, petitioner was allowed a meals break during his daily work period. On those occasions when petitioner actually worked extended hours, he received a meals allowance. During the taxable year 1976, petitioner received meals allowances in the total amount of $890.51, all of which was included by NBC in petitioner's Form W-2 for said year. The meals allowance paid by NBC consisted only of money. No meals were furnished by NBC on its business premises. Petitioner was permitted to use the meals allowance money as he saw fit and could spend the money in any manner he determined, in his sole discretion. The meals allowance was paid for the convenience of NBC. *46 During the taxable year at issue, section 119 provided in pertient part: There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if-- (1) in the case of meals, the meals are furnished on the business premises of the employer, * * * In Commissioner v. Kowalski, 434 U.S. 77 (1977), the issue was whether cash allowances for meals were encompassed within the foregoing statutory provision. In holding that they were not, the Supreme Court stated (434 U.S. at 83-84): [We] hold that § 119 does not cover cash payments of any kind * * *. Section 119 provides that an employee may exclude from income "the valud of any meals… furnished to him by his employer for the convenience of the employer, but only if… the meals are furnished on the business premises of the employer…" By its terms, § 119 covers meals furnished by the employer and not cash reimbursements for meals. This is not a mere oversight. As we shall explain at greater length below, the form of § 119 which Congress enacted originated in the Senate and the Report *47 accompanying the Senate bill is very clear: "Section 119 applies only to meals or lodging furnished in kind." S. Rep. No. 1622, 83d Cong., 2d Sess. 190 (1954). See also Treas. Reg. § 1.119-1(c)(2), 26 CFR § 1.119-1 (1977). Accordingly, respondent's meal allowance payments are not subject to exclusion under § 119. [Emphasis in original.] We think that the Kowalski decision clearly forecloses petitioner's claim that he is entitled to the benefits of section 119. Petitioner seeks to avoid the impact of Kowalski by asserting that his employment is in a "unique" industry and that, when he is at a remote telecast or on a breaking news story, he would be unable to eat, even if his employer wished him to do so, and that the problem of getting a meal to him would constitute an undue burden on NBC. Aside from the fact that there is no evidence of record to support petitioner's position, the fact is that the clear language of Kowalski permits no exception under the claimed circumstances. [2] The cases decided since Kowalski have uniformly rejected any distinctions. Friar v. United States,     F. Supp.    *48 (W.D. Mo. 1978); Cox v. United States,     F. Supp.     (D. Nev. 1978). [3]
Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year involved.↩
2. Petitioner can draw no sustenance from section 3 of Pub. L. 95-427, 92 Stat. 996, which retroactively limited the effect of Kowalski insofar as concerns state police officers who were paid subsistence allowances prior to January 1, 1978. Indeed, it could appear that such legislative action represents a legislative endorsement of the application of Kowalski to other situations. See also Jones v. United States, 60 Ct. Cl. 552 (1925), and the Supreme Court's analysis of that case in Commissioner v. Kowalski, 434 U.S. 77, 94↩, n. 29 (1977). 3. See also Koven v. Commissioner, T.C. Memo. 1979-213; Qureshi v. Commissioner, T.C. Memo. 1978-223, affd. 600 F.2d 280 (D.C. Cir. 1979); Fenstermaker v. Commissioner, T.C. Memo. 1978-210; Austin v. Commissioner, T.C. Memo. 1977-434↩.